Stephen C. Mouritsen (Bar No. 16523)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
Email: smouritsen@parrbrown.com

*Attorneys for Plaintiff*

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| BONTEX INTERNATIONAL LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> GENTOX MEDICAL SERVICES LLC, <br><br> Defendant. | **COMPLAINT** <br><br> Case No. 2:21-cv-00373-DBP <br><br> Magistrate Judge Dustin B. Pead |

Plaintiff Bontex International Limited ("Bontex"), by and through its undersigned counsel, hereby complains against Gentox Medical Services LLC ("Gentox").

## STATEMENT OF THE CASE

1.     This action is brought to enforce obligations owed by Defendant to Plaintiff on Purchase Orders for products that have been delivered to Defendant, but for which payment has not yet been received.

## PARTIES, JURISDICTION AND VENUE

2.     Plaintiff, Bontex, is an entity organized under the laws of China, with the principal business address of Room 818, No. 9 Yincheng Street, Nanjing, China.

3.      Defendant, Gentox, is a Utah limited liability company with business address at 1910 West 1040 South, Salt Lake City, Utah 84104.

4.      This Court has jurisdiction over this matter pursuant to Utah Code Ann. § 78A-5-102.

5.      Venue is proper in this judicial district pursuant to Utah Code Ann. § 78B-3-302.

**RELEVANT FACTUAL BACKGROUND**

6.      Plaintiff, Bontex, was founded in 2010. The company's line of business includes the wholesale distribution of piece goods or yard goods of natural or manmade fibers. Bontex provides products manufactured from woven fabrics. These fabrics are engineered to protect against wind and water and to be lightweight.

7.      Relevant to the present dispute, Bontex is able to obtain and then sell personal protective equipment ("PPE") including, without limitation, non-surgical isolation gowns made from polypropylene non-woven plus polyethylene film, and N95 respirators (specifically the model V-fold N95 B mask filtering facepiece, air purifying respirator).

8.      These materials are vital in the fight against the spread of COVID-19.

9.      Gentox Medical Services is a provider laboratory and device services, including pharmacogenetics, polymerase chain reaction ("PCR") tests, skim biopsies for small fiber neuropathy, toxicology, and cancer and disease screening.

10.      During the course of the past year—during which the COVID-19 pandemic was raging—Bontex received and fulfilled significant orders for PPE from Gentox.

11.      For each order, the parties entered into a purchase order (the "Purchase Orders").

12.      The Purchase Orders specified the items to be purchased, the schedule by which they would be delivered, the amount of the payment that would be paid to Bontex as a deposit, and the ultimate price of the products.

13.      Bontex has delivered all of the PPE products purchased by Bontex on behalf of

Gentox.

14.     To date, Gentox has breached the parties' agreement by failing to pay Bontex.

**SPECIFIC PURCHASE ORDERS**

**A.     The May 27, 2020, and May 28, 2020, Purchase Agreements.**

15.     On May 27, 2020, the parties entered into a Purchase Order in which Gentox ordered 4,726,200, non-surgical isolation gowns at a price per unit of $2.70 or a total of $12,857,940, which were acquired from Bontex. *See* **Exhibit A**.

16.     The Agreement provided for a "Delivery Schedule" of 100,000 non-surgical isolation gowns per day, seven days per week to be delivered starting June 5, 2020, with the entire order to be delivered by July 20, 2020.

17.     The "Payment Terms" provided for a $1,000,000, deposit to being production to be paid by June 1, 2020, with a 30 percent deposit to be completed by June 15, 2020, balance for each shipment was to be paid upon receipt of the freight cargo receipt of bill of lading issued by the buyer's freight forwarder.

18.     On May 28, 2020, the parties entered into a Purchase Order in which Gentox ordered 100,000, non-surgical isolation gowns at a price per unit of $2.70 or a total of $270,000, which were acquired from Bontex. *See* **Exhibit B**.

19.     The Agreement provided for a "Delivery Schedule" of 100,000 non-surgical isolation gowns to be delivered by July 20, 2020.

20.     The "Payment Terms" provided for a 30 percent deposit to be paid by June 1, 2020, with the 70 percent balance for each shipment to be paid upon receipt of the freight cargo receipt or bill of lading issued by the buyer's freight forwarder.

21.     The non-surgical isolation gowns were shipped by sea on June 8, 2020. A deposit of $3,938,382, was received by Bontex. A freight charge of $19,691 was paid by Bontex. Gentox has paid $3,831,054.

22.     A balance of $5,438,189.02, was due on October 30, 2020.

23.     To date, the balance has not been paid.

**B.     The August 3, 2020, Purchase Agreement.**

24.     On August 3, 2020, the parties entered into a Purchase Order in which Gentox ordered 300,000 N95 respirators at a price per unit of $3.40 or a total $1,020,000, which were acquired from Makrite Industries, Inc., by Bontex for Gentox. *See* **Exhibit C**.

25.     The Agreement provided for a "Delivery Schedule" and required that the first 120,000 respirators be shipped within 10 days of Bontex receiving 50 percent payment deposit. *Id.* The remaining 180,000 respirators were to be shipped thereafter.

26.     The "Payment Terms" provided that 50 percent payment deposit to be made by August 10, 2020, while a 50 percent balance due within 30 days of goods arriving in the United States.

27.     The first shipment was shipped by air on August 29, 2020, and included 120,000, respirators. The total amount due was $408,000. A deposit of $204,000 was paid. The remaining $204,000, was due on October 25, 2020.

28.     To date, the $204,000, due for the first shipment has not been paid.

29.     The second shipment was shipped by air on September 22, 2020, and included 79,920, respirators. The total amount due was $271,728. A deposit of $135,864 was paid. The remaining $135,864, was due on October 25, 2020.

30.     To date, the $135,864, due for the second shipment has not been paid.

31.     The third shipment was shipped by air on October 3, 2020, and included 100,080, respirators. The total amount due was $340,272. A deposit of $170,136 was paid. The remaining $170,136, was due on November 3, 2020.

32.     To date, the $170,136, due for the second shipment has not been paid.

**C.     The August 21, 2020, Purchase Agreement.**

33.     On August 21, 2020, the parties entered into a Purchase Order in which Gentox ordered 100,000 N95 respirators at a price per unit of $3.60 or a total $360,000, which were acquired from AOK Tooling Limited, and acquired by Bontex for Gentox. *See* **Exhibit D**.

34.     The Agreement provided for a "Delivery Schedule" and required that the respirators be delivered to Gentox's freight forwarder with 14 days of receiving 50 percent payment deposition.

35.     The "Payment Terms" provided that 50 percent payment deposit to be made immediately and the remaining balance withing 30 days of the shipment's arrival at the Los Angeles port.

36.     The shipment was shipped by air on September 22, 2020, and included 100,000, respirators. The total amount due was $360,000. A deposit of $180,000 was paid. The remaining $180,000, was due on October 25, 2020.

37.     To date, the remaining balance of $180,000, due for the first shipment has not been paid.

*       *       *

38.     Bontex has provided the PPE materials it agreed to provide under the Purchase Order.

39.     Gentox agreed to pay $14,567,934 for these materials.

40.     To date, Gentox has only paid $8,479,127.

41.     All of the due dates have now passed.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Breach of Contract

42.     Bontex realleges and incorporates the preceding paragraphs as though fully set forth herein.

43.     Gentox and Bontex entered into a valid, binding, and enforceable contract.

44.     Pursuant to the parties' agreement, Gentox agreed to pay for the PPE materials acquired for the Purchase Orders.

45.     Bontex relied upon Gentox's representations and offers of compensation and performed the contemplated work.

46.     Bontex performed its duties and obligations under the agreement.

47.     Gentox has breached the parties' agreement by failing to pay for the PPE materials provided.

48.     Bontex has been damaged by Gentox's breach in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
Unjust Enrichment (in the alternative)

49.     Bontex realleges and incorporates the preceding paragraphs as though fully set forth herein.

50.     In the event any of the legal remedies asserted herein are inadequate to make Bontex whole, leaving Bontex without any adequate remedy at law, Bontex hereby pleads in the alternative that Gentox received benefit from Bontex through Bontex's provision of PPE.

51.     Gentox has been fully aware that Bontex conferred this benefit on Gentox.

52.     Gentox has been enriched by Bontex and has accepted or retained those benefits without payment of its value.

53.     Under the circumstances, it would be inequitable if Gentox retained that benefit conferred by the possession of the PPE without payment of its value.

54.     As a result of Gentox' unjust enrichment, Bontex has been damaged in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### Conversion (in the alternative)

55.     Bontex realleges and incorporates the preceding paragraphs as though fully set forth herein.

56.     By virtue of the conduct described above, Gentox has willfully interfered with Bontex's property without lawful justification.

57.     In the absence of payment, Bontex is entitled to the use of its PPE without Gentox's interference.

58.     As a result of Gentox's conversion, Bontex has suffered damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### Breach of the Covenant of Good Faith and Fair Dealing (in the alternative)

59.      Bontex realleges and incorporates the preceding paragraphs as though fully set forth herein.

60.     The Purchase Orders, like all contracts, included an implied covenant of good faith and fair dealing.

61.     Gentox owed an implied covenant of good faith and fair dealing to Bontex.

62.     Gentox breached the implied covenant of good faith and fair dealing by failing to pay the amounts Gentox owed in a reasonable, timely manner, thus frustrating the purpose of the contract and denying Bontex the benefit of their bargain.

63.     Gentox's breach of the implied covenant of good faith and fair dealing resulted in damages to Bentox in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Bontex prays for judgment against Gentox as follows:

A.      Actual damages in an amount to be proven at trial;

B.      Prejudgment and post judgment interest pursuant to statutory and common law;

D.      Bontex's taxable costs and expenses of litigation, including but not limited to attorneys' fees, statutory and common law; and

G.      Such further equitable or other relief as the Court deems appropriate under the circumstances.

Submitted this 16th day of June 2021.

Sincerely,

/s/ Stephen C. Mouritsen
Stephen C. Mouritsen
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, UT 84111
Tel: (801) 532-7840
Email: smouritsen@parrbrown.com

Plaintiff's Address:

Bontex International Limited
Room 818, No. 9
Yincheng Street
Nanjing
China